IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:03cr57-MHT |
| | ) | (WO) |
| **MARNAIL WASHINGTON** | ) | |

OPINION AND ORDER

This case is before the court on defendant Marnail Washington's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Washington seeks a reduction of his 439-month total sentence to a sentence of time served. The motion, which is unopposed by the government, will be granted for the following reasons.

18 U.S.C. § 3582(c)(1)(A) authorizes a court to modify a term of imprisonment only in certain enumerated circumstances. As relevant here, a court may

> "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of

> the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce ... [a] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in ... [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction[; ...] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A)(i). U.S. Sentencing Guidelines § 1B1.13 is the policy statement that governs motions under 18 U.S.C. § 3582(c)(1)(A)(i) and defines the circumstances in which extraordinary and compelling reasons warranting a sentence reduction exist.

Defendant Washington has met each of the requirements for relief under § 3582(c)(1)(A)(i). First, the government concedes that Washington has met the exhaustion requirement, and the court so finds.

2

Second, the court has considered the factors under 18 U.S.C. § 3553(a) and finds that they weigh in favor of a sentence reduction. In particular, the court notes that a defendant charged today with the same offenses as Washington would receive a much lower sentence than Washington did, due to changes to 18 U.S.C. § 924(c) passed by Congress after Washington was sentenced. As a result, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" weighs particularly heavily in favor of a sentence reduction in this case. 18 U.S.C. § 3553(a)(6).

The court further finds that extraordinary and compelling reasons warrant a reduction of sentence. Washington argues, *inter alia*, that he is entitled to a sentence reduction under § 1B1.13(b)(3)(C), which provides that extraordinary and compelling reasons exist based on "the incapacitation of the defendant's

3

parent when the defendant would be the only available caregiver for the parent." U.S. Sentencing Guidelines § 1B1.13 (2023 ed.). The government concedes, and the court agrees, that Washington is eligible for a sentence reduction under this provision based on his mother's incapacitation and lack of other caregivers.

Under Policy Statement 1B1.13(a)(2), a defendant is eligible for a sentence reduction only if the court finds that he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*. Having considered the factors in 18 U.S.C. § 3142(g), the court finds that Washington is not a danger to the safety of any other person or to the community. As an initial matter, Washington was in his early twenties when he was sent to prison, but he is now 43 years old, far more mature, and therefore less likely to commit crimes. Indeed, as Washington points out, the Bureau of Prisons has determined that

4

he has a low risk of re-offending with an act of violence and a low risk of recidivism in general. But more importantly, he has been an exceptional prisoner who has made the most of his lengthy incarceration by participating in extensive rehabilitative programming and who has impressed correctional staff with his positive attitude and hard work. The government agrees that he is not a danger. *See* Govt. Response (Doc. 206) ("Although Washington's crimes were unquestionably serious, the government is satisfied that Washington's long period of time in prison, his sincere efforts at rehabilitation, and his apparent sterling record while incarcerated alleviate any concern that Washington would be a danger to the community.").

In sum, Washington has met all of the requirements for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

\*\*\*

5

Accordingly, it is ORDERED that:

(1) Defendant Marnail Washington's renewed motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 198) is granted.

(2) Defendant Washington's custodial sentence is reduced to time served.

DONE, this the 8th day of October, 2024.

                                          /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**